## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMONDRA BURNETT, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   No.: 20-cv-1104-MMM |
| | ) |
| **LT. ZIMMERMAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs and the unconstitutional use of force at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

On May 19, 2018, Plaintiff was on suicide crisis watch. He indicates, without preamble, that Lieutenants Zimmerman and Pratt, Sgt. Baylor and Officers Young and Foster forcibly extracted him from his cell. Plaintiff claims they did so without any prior notice to him or orders that he cuff-up. Plaintiff alleges that the officers were not part of a sanctioned extraction team as there were too few of them and they were not wearing helmets or carrying shields, batons, or

pepper spray. Plaintiff claims that Defendant Zimmerman undertook the cell extraction without alerting his superiors, though he does not explain the significance of this.

Plaintiff alleges that Defendant Zimmerman used his key to unlock the cell door. At that point, Defendants ran into his cell and that Officers Pratt, Baylor, Young and Foster began punching, kicking , and "slamming" him. Plaintiff does not plead that he resisted or failed to comply with their orders. Plaintiff alleges that he suffered injuries and was bleeding from his nose, lip and head. In addition, he sustained an injury to his left big toe, which left the toe unable to bend. When Plaintiff requested medical treatment, it was refused. Plaintiff also requested mental health intervention, and this was refused as well.

## ANALYSIS

In excessive force claims the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. Here, Plaintiff alleges that he was suddenly, and without cause, beaten by Defendants. As it does not appear that Defendants used force for the purpose of restoring or maintain discipline, Plaintiff has stated a colorable claim against them.

Plaintiff also alleges that Defendants were deliberately indifferent to his serious medical and mental health needs. To establish deliberate indifference, Plaintiff must identify an objectively serious condition to which Defendants were deliberately indifferent. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Officials act with deliberate indifference if they know of a substantial risk of harm to the Plaintiff and act to disregard that risk. *Id.* at 751. Here,

Plaintiff alleges that he was injured and bleeding, and that Defendants refused to provide him medical attention. He also alleges that, even though he was on suicide watch and requested to be seen by mental health staff, Defendants refused this request as well. This is sufficient, at the pleadings stage to establish a colorable claim of deliberate indifference.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the excessive force and deliberate indifference claims against Defendants Zimmerman, Pratt, Baylor, Young and Foster. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiff files [5], a motion for recruitment of *pro bono* counsel, including two declination letters he has received from prospective counsel. Plaintiff also provides a letter from the Uptown People's Law Center, requesting additional information so that they might evaluate his case. Plaintiff does indicate whether he followed-up on this request, or whether the Uptown People's Law Center subsequently declined the representation. As such, the Court cannot make a determination as to whether Plaintiff has made a good faith effort to obtain counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED. Plaintiff's motion for status [6], is rendered MOOT by this order.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.   Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6.   Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

6/15/2020
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE